UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


HERBERT ICHINOSE ET AL                    CIVIL ACTION


VERSUS                                    NO: 06-1772


TRAVELERS FLOOD INSURANCE ET              SECTION: "R"(4)
AL


<u>**ORDER AND REASONS**</u>

Before the Court is the motion of defendant The Standard Fire Insurance Company for entry of final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.[1]  For the reasons set forth below, the motion is DENIED.


**I.   BACKGROUND**

Plaintiff Herbert Ichinose owns business condominiums located in buildings 3, 7, and 9 of a New Orleans condominium complex.  On August 29, 2005, Hurricane Katrina caused plaintiff's buildings to flood with water.  Buildings 3, 7, and 9 were each covered by a separate Standard Flood Insurance Policy

---

[1] Standard Fire states that it is improperly identified as "Travelers Flood Insurance" in the plaintiff's petition.

issued by defendant Standard Fire, a Write Your Own insurer under the National Flood Insurance Program, 42 U.S.C. §§ 4001, *et seq*. Specifically, the policy limits for Building 3 were $35,000 for property damage and $150,000 for contents; the policy limits for Building 7 were $50,000 for property damage; and the policy limits for Building 9 were $22,100 for property damage.  On or about September 5, 2005, plaintiff submitted a claim to Standard Fire for the flood damage his buildings sustained as a result of Katrina.  Standard Fire paid plaintiff $50,000 for property damage and $150,000 for contents on his Building 3 policy, and $50,000 for property damage on his Building 7 policy on January 24, 2006.

At the time that plaintiff filed his state court petition on February 24, 2006, he had not received any payment on his Building 9 policy.  Standard Fire subsequently tendered plaintiff $22,100 on his Building 9 policy on May 9, 2006.  In his petition, plaintiff alleged that Standard Fire violated La. Rev. Stat. §§ 22:658 and 22:1220 in that it breached its contract and handled plaintiff's claims in bad faith by failing to make payment on his claims in a timely manner.  Standard Fire removed this case to federal court on April 5, 2006, on the grounds that federal jurisdiction exists under both 28 U.S.C. §§ 1331 and 1332.  Standard Fire then moved to dismiss plaintiff's claims

against it based on breach of contract and La. Rev. Stat. §§ 22:658 and 22:1220, asserting that, as it has now compensated plaintiff for the policy limits on each of the three building policies at issue, plaintiff cannot maintain an action based on state tort law claims against a Write Your Own insurer under the National Flood Insurance Program.  Relying on the holding in *C.W. Gallup v. Omaha Prop. & Cas. Ins. Co.*, 434 F.3d 341, 345 (5th Cir. 2005), the Court dismissed the claims brought under La. Rev. Stat. §§ 22:658 and 22:1220.  However, the Court denied Standard Fire's motion to dismiss the breach of contract claim, instead converting it into a motion for summary judgment and granting plaintiff the opportunity to undertake limited discovery as to whether Standard Fire breached its contract under federal law by failing to handle plaintiff's claims within the timeframe set forth in the Standard Flood Insurance Policy.

Standard Fire then moved for reconsideration of the Court's Order as to plaintiff's breach of contract claims, arguing that reconsideration was appropriate because, as a matter of law, plaintiff could not recover for any type of prejudgment interest or consequential damages in connection with the alleged late payment of his SFIP claims.  On April 24, 2007, the Court granted Standard Fire's motion for reconsideration, and also granted its motion for summary judgment as to plaintiff's breach of contract

3

claims, thereby dismissing the remaining claims against Standard
Fire.  No parties to this action have moved for reconsideration
of the Court's April 24, 2007 Order.

Pursuant to Rule 54(b), Standard Fire now moves for entry of
final judgment as to plaintiff's claims against it.  The motion
is unopposed.


II.  DISCUSSION

Rule 54(b) provides, in pertinent part:

> When more than one claim for relief is
> presented in an action, whether as a claim,
> counterclaim, cross-claim, or third-party
> claim, or when multiple parties are involved,
> the court may direct the entry of a final
> judgment as to one or more but fewer than all
> of the claims or parties only upon an express
> determination that there is no just reason
> for delay and upon an express direction for
> the entry of judgment.

Fed. R. Civ. P. 54(b).

The Fifth Circuit has noted that "[o]ne of the primary
policies behind requiring a justification for Rule 54(b)
certification is to avoid piecemeal appeals."  *PYCA Indus., Inc.
v. Harrison County Waste Mgmt.*, 81 F.3d 1412, 1421 (5th Cir.
1996).  The Court explained that Rule 54(b) judgments are not
favored and should be awarded only when necessary to avoid
injustice:

4

> A district court should grant certification
> [in a Rule 54(b) case] only when there exists
> some danger of hardship or injustice through
> delay which would be alleviated by immediate
> appeal; it should not be entered routinely as
> a courtesy to counsel.

*Id.* (citing *Ansam Assocs., Inc. v. Cola Petroleum, Ltd.*, 760 F.2d 442, 445 (2d Cir. 1985)).

The threshold inquiry for this Court is whether "there is no just reason for delay," a determination which is within the sound discretion of the district court. *See Ackerman v. FDIC*, 973 F.2d 1221, 1224 (5th Cir. 1992). In making this determination, the district court has a duty to weigh "'the inconvenience and costs of piecemeal review on the one hand and the danger of denying justice by delay on the other.'" *Road Sprinkler Fitters Local Union v. Continental Sprinkler Co.*, 967 F.2d 145, 148 (5th Cir. 1992) (quoting *Dickinson v. Petroleum Conversion Corp.*, 338 U.S. 507, 511, 70 S.Ct. 322, 324 (1950)). A major factor the district court should consider is whether the appellate court "'would have to decide the same issues more than once even if there were subsequent appeals.'" *H & W Indus., Inc. v. Formosa Plastics Corp., USA*, 860 F.2d 172, 175 (5th Cir. 1988) (quoting *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8, 100 S.Ct. 1460, 1465 (1980)).

After weighing the appropriate factors, the Court finds

5

that certification is inappropriate in this case.  The Court concludes that no injustice or hardship exists that would be alleviated by an immediate appeal and that no injustice would result from a delay in the entry of final judgment.  Further, the litigation between Ichinose and National Fire Insurance Company of Hartford remains unresolved, and could result in an appeal. Consequently, the possibility that an entry of judgment will produce piecemeal review in this case outweighs the danger of denying justice by delay.

**IV.   CONCLUSION**

For the foregoing reasons, the Court DENIES the motion for entry of final judgment pursuant to Rule 54(b).

New Orleans, Louisiana, this <u>21st</u> day of June, 2007.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE